UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY WILSON,

        Petitioner,

                                        Case No. 05-10237-BC

v.                                        Honorable David M. Lawson

LT. KELLY MUKOMEL,

        Respondent.

_____/

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

The Court has received a petition for writ of habeas corpus filed in the name of Anthony Wilson as the petitioner. Although the caption on the habeas petition names Mr. Wilson as the petitioner, the petition was signed by Hakeem Rasheed, who describes himself as a lawful man, a fiduciary, and a petitioner. The papers have been filed *pro se*. In a "security agreement" submitted for filing twenty days after the habeas petition was filed, Mr. Rasheed purports to be a secured party, creditor, and holder in due course under the Uniform Commercial Code (UCC).

The named respondent is Lieutenant Kelly Mukomel of the Southfield Police Department, Southfield, Michigan. The petition directs Lieutenant Mukomel to produce the petitioner and to answer sixty-seven questions regarding the jurisdiction, authority, nature and cause of Mukomel's restraint on the petitioner's property.

The writ of habeas corpus extends to people, not property, and, more specifically, to prisoners who are in custody. *See* 28 U.S.C. § 2241(c). The traditional purpose of the writ of habeas corpus is to obtain release from unlawful confinement. *Wilkinson v. Dotson,* __ U.S. __, __, 125 S. Ct. 1242, 1246 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 486 (1973)). Habeas corpus is premised on the theory that federal courts will provide a remedy to detainees who claim

that their confinement violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. §§ 2241(c), 2254(a); *see also Preiser*, 411 U.S. at 485 (observing that "over the years, the writ of habeas corpus evolved as a remedy available to effect discharge from any confinement contrary to the Constitution or fundamental law, even though imposed pursuant to conviction by a court of competent jurisdiction").

The petitioner does not appear to be a prisoner or "in custody," and the habeas petition concerns only Mr. Wilson's property. The petitioner also appears to be seeking a commercial remedy, not release from any unlawful confinement, and his pleading consists of questions and does not state cognizable grounds for relief under 28 U.S.C. § 2241 or 2254. The UCC has no application to habeas corpus petitions or proceedings, nor is it federal law that might establish a basis for challenging confinement. *Gilbert v. Monaco Coach Corp.*, 352 F. Supp. 2d 1323, 1329 (N.D. Ga. 2004); *Motorola, Inc. v. Perry*, 917 F. Supp. 43, 48 n.5 (D.D.C. 1996). The petitioner has failed to show or even allege that he is in custody in violation of the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2241(c)(3). Furthermore, Mr. Wilson did not sign the habeas petition, and a layman such as Mr. Rasheed may not sign on his behalf. Fed. R. Civ. P. 11(a).

When "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," this Court must dismiss the habeas petition. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The petition filed in this case plainly is without merit.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: October 14, 2005

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 14, 2005.

s/Tracy A. Jacobs  
TRACY A. JACOBS

---